**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Kyle Kennedy and Dawn Kennedy,<br><br>    Plaintiffs,<br><br> v.<br><br>Federated Mutual Insurance Company,<br><br>    Defendant. | Case No.<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiffs Kyle Kennedy and Dawn Kennedy, through their attorneys, Wallace Miller, and for their Complaint against Defendant, Federated Mutual Insurance Company, state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000 and Plaintiffs and Defendant are citizens of different states.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of Illinois.

**PARTIES**

3. Plaintiff Kyle Kennedy is an individual who is a citizen of the State of Illinois and resides in Alton, Illinois.

4.      Plaintiff Dawn Kennedy is an individual who is a citizen of the State of Illinois and resides in Alton, Illinois.

5.      Defendant Federated Mutual Insurance Company ("Defendant" or "Federated Mutual") is a corporation organized under the laws of the State of Minnesota and has its principal place of business in Minnesota.

## FACTS COMMON TO ALL COUNTS

6.      This action involves a written insurance contract issued by Defendant Federated Mutual Insurance Company, Policy Number 1060554, with Alton Refrigeration Co Inc, a corporation, as the named insured.

7.      A true and correct copy of the Underinsured Motorists Coverage endorsement is attached hereto as **Exhibit A.**

8.      The policy was effective from December 3, 2024, through December 3, 2025.

9.      The policy included a Business Auto Coverage providing Underinsured Motorist Coverage with limits of $500,000.00. (Exhibit A at pg. 13).

10.      Under the explicit terms of the policy, Defendant agreed to "pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle". (Exhibit A at pg. 39 – Illinois Underinsured Motorist Coverage §A(1)).

11.      The contract further states that Defendant Federated Mutual "will pay only after all liability bonds or policies have been exhausted by payment of judgments or settlements…" (Exhibit A at pg. 39 – Illinois Underinsured Motorist Coverage §A(2)).

12. Under the contract endorsement applicable to Policy No. 1060554, an "insured" includes anyone "occupying" a covered "auto"…" (Exhibit A at pg. 40 – Illinois Underinsured Motorist Coverage §B(2)(a)).

13. Additionally, under the subject agreement, an "insured" includes any person entitled to recover damages because of "bodily injury" sustained by another "insured." (Exhibit A at pg. 40 – Illinois Underinsured Motorist Coverage §B(2)(c)).

14. At all relevant times, Plaintiff Kyle Kennedy was an employee of Alton Refrigeration Co Inc and operated a covered auto with the permission of the Alton Refrigeration Co Inc.

15. The covered auto was a 2018 Ford Transit VIN # NM0LS7F77J1373615.

16. At all relevant times, Plaintiff Kyle Kennedy and Plaintiff Dawn Kennedy were married.

17. By virtue of operating a covered auto, Plaintiff Kyle Kennedy qualified as an insured for purposes of Underinsured Motorist Coverage under the subject agreement.

18. By virtue of her marital relationship with Plaintiff Kyle Kennedy, Plaintiff Dawn Kennedy qualifies as an insured under the policy for purposes of her derivative claim.

19. On January 20, 2025, while operating the covered vehicle, Plaintiff Kyle Kennedy was involved in a serious motor vehicle wreck on Pierce Lane in Godfrey, Madison County, Illinois.

20. At the time of the crash, Plaintiff Kyle Kennedy slowed to turn left when Lillian J. Hannigan's vehicle violently struck the rear of Mr. Kennedy's vehicle.

21. The impact was severe and forceful, causing disabling damage to both vehicles.

22. Emergency medical services were dispatched.

23. Upon arrival, officers observed that Plaintiff Kyle Kennedy was not conscious.

24. Plaintiff Kyle Kennedy was transported by ambulance to Alton Memorial Hospital for emergency treatment.

25. A citation was issued to Lillian Hannigan for driving at a speed greater than reasonable under 625 ILCS 5/11-601(a).

26. As a result of the wreck, Mr. Kennedy suffered numerous injuries including, but not limited to:

    a. Traumatic brain injury;

    b. Spine injuries causing chronic pain and functional limitation;

    c. Torn rotator cuff of the left shoulder;

    d. Ongoing neurological symptoms;

    e. Pain and suffering; and

    f. The need for continued medical care, evaluation by specialists, and interventional pain management.

27. Plaintiff received emergency treatment, including, but not limited to surgery for his torn rotator cuff, extensive pre and post-operative rehab, spinal injections, and nerve ablations.

28. Plaintiff Kyle Kennedy's treating physicians have recommended that he undergo lower-back injections every three to four months in order to maintain control of his chronic pain. At a rate of three to four injections per year, Plaintiff is expected to require approximately 72 to 96 additional injections over the course of his remaining life expectancy.[1]

---

[1] Plaintiff's projected future medical treatment is calculated based upon his remaining life expectancy as set forth in the United States Social Security Administration Actuarial Life Table. According to the Social Security Actuarial Life Table, a male of Plaintiff's current age (57) has a remaining life expectancy of approximately 24 years. Based upon that life expectancy, Plaintiff is expected to require approximately 72 to 96 additional injections and 24 to 32 additional radiofrequency ablation procedures over the course of his lifetime.

29. Based upon the documented average cost of approximately $4,000.00 for injections, the projected cost of Plaintiff Kyle Kennedy's future injections alone ranges from approximately $288,000.00 to $384,000.00 over his lifetime.

30. In addition to injections, Plaintiff Kyle Kennedy requires bilateral ablation procedures approximately every nine to twelve months. Each bilateral ablation procedure is estimated to cost approximately $14,100.00. Over Plaintiff Kyle Kennedy's remaining life expectancy, the projected cost of future bilateral ablations ranges from approximately $338,400.00 to $451,200.00.[2]

31. Accordingly, Plaintiff Kyle Kennedy's projected future interventional pain care alone ranges from approximately $626,400.00 to $835,200.00.

32. To date, Plaintiff Kyle Kennedy has incurred medical expenses of at least $62,258.00. When combined with projected future treatment costs, his past and future medical expenses, alone, are reasonably expected to range from approximately $688,658.00 to $897,458.00.

33. These figures do not include non-economic losses, including pain and suffering, disability, or loss of a normal life. Nor do they account for future medical expenses for physician follow-ups, diagnostic imaging, medication, therapy, or other medically necessary treatment or interventions including additional surgeries.

34. The limitations resulting from Plaintiff Kyle Kennedy's injuries are ongoing and permanent in nature.

---

[2] It is well-documented in peer-reviewed medical literature that radiofrequency ablation does not permanently eliminate pain-generating nerves, and because those nerves regenerate, repeat procedures are employed on an ongoing basis for as long as the patient lives and continues to experience chronic pain. See Smuck, Matthew, et al. *Success of Initial and Repeated Medial Branch Neurotomy for Zygapophysial Joint Pain: A Systematic Review*. PM&R. 2012; Idahor, Courage, *Radiofrequency Ablation for Chronic Pain: Mechanistic Insights and Emerging Innovations*, Cureus. 2025; Choi EJ, et al. *Neural Ablation and Regeneration in Pain Practice.* Korean Journal of Pain. 2016.

35. Ms. Hannigan's liability insurance carrier tendered the policy limits of $100,000.00.

36. Ms. Hannigan's bodily injury liability limits were insufficient to fully compensate Plaintiff for the injuries and losses he sustained.

37. Plaintiff Kyle Kennedy's counsel provided Defendant with prompt written notice of the proposed settlement with the Ms. Hannigan's insurance and afforded Defendant the opportunity to preserve its subrogation rights.

38. Defendant advised Plaintiff Kyle Kennedy that he could proceed with settlement.

39. In reliance upon Defendant's representations and consent, Plaintiff Kyle Kennedy settled his claim against Lillian J. Hannigan for the available liability limits of $100,000.00.

40. By authorizing said settlement and by failing to advance payment to preserve subrogation, Defendant Federated Mutual Insurance waived any right to assert impairment of subrogation as a defense to coverage.

41. Plaintiff has complied with all other conditions precedent required under the policy.

42. In addition, Plaintiff Kyle Kennedy provided prompt notice of the occurrence and claim, cooperated with Defendant's investigation, provided medical records and documentation of damages, and made a demand for the full amount of the Underinsured Motorist Benefits.

43. No policy exclusion bars coverage for Plaintiff Kyle Kennedy's claims.

44. No policy exclusion bars coverage for Plaintiff Dawn Kennedy's claims.

45. Plaintiffs have sustained compensatory damages well in excess of the tortfeasor's liability limits and in excess of the applicable Underinsured Motorist limits of $500,000.00.

46. Despite Plaintiff Kyle Kennedy's compliance with all policy requirements and the clear triggering of Underinsured Motorist coverage, Defendant Federated Mutual Insurance has

6

failed and refused to pay the full benefits due and owing under the policy ($500,000.00 minus the $100,000.00 paid by Ms. Hannigan's carrier).

47. While Underinsured Motorist claims are commonly resolved through arbitration pursuant to standard policy provisions, Defendant's policy endorsement removed the arbitration requirement for Underinsured Motorist Coverage.

48. Defendant declined Plaintiffs' request for arbitration, thereby compelling Plaintiffs to initiate this action to obtain benefits owed under the policy in this Court.

**COUNT I**
**BREACH OF CONTRACT**
*Plaintiff Kyle Kennedy v. Federated Mutual Insurance*

49. Plaintiff Kyle Kennedy repeats and realleges the claims in foregoing paragraphs as if fully incorporated herein.

50. At all relevant times, there existed a valid and enforceable contract of insurance between Defendant and Alton Refrigeration Co Inc, under which Plaintiff Kyle Kennedy qualified as an insured.

51. Plaintiff Kyle Kennedy has complied with all terms, conditions, and obligations required under the policy.

52. Plaintiff Kyle Kennedy's damages exceed the $500,000.00 Underinsured Motorist limit.

53. Defendant's refusal to tender the full limits of coverage constitutes a material breach of the insurance contract.

54. As a direct and proximate result of Defendant's breach, Plaintiff has been deprived of insurance benefits due and owing under the policy, in an amount up to the $500,000.00 Underinsured Motorist limits, together with additional statutory and consequential damages.

55. WHEREFORE, Plaintiff Kyle Kennedy respectfully requests that this Court enter judgment in his favor and against Defendant, and award:

    a. Compensatory damages that will fairly and adequately compensate Plaintiff in an amount up to and including the applicable policy limits;

    b. Reasonable attorney's fees as permitted under 215 ILCS 5/155;

    c. Costs of this action as permitted under 215 ILCS 5/155;

    d. Statutory penalties as permitted under 215 ILCS 5/155;

    a. Pre- and post-judgment interest; and

    e. Such other and further relief as this Court deems just and proper.

## COUNT II
## LOSS OF CONSORTIUM
### *Plaintiff Dawn Kennedy v. Federated Mutual Insurance*

56. Plaintiff Dawn Kennedy repeats and realleges the claims in foregoing paragraphs as if fully incorporated herein.

57. At all relevant times, Plaintiff Dawn Kennedy was the lawful spouse of Plaintiff Kyle Kennedy.

58. Pursuant to the terms of the Underinsured Motorist Coverage endorsement, an "insured" includes any person entitled to recover damages because of "bodily injury" sustained by another "insured." (Exhibit A at pg. 40 – Illinois Underinsured Motorist Coverage §B(2)(a)).

59. By virtue of her marital relationship with Plaintiff Kyle Kennedy, Plaintiff Dawn Kennedy qualifies as an insured under the policy for purposes of her derivative claim.

60. As a direct and proximate result of the bodily injuries sustained by Plaintiff Kyle Kennedy in the underlying motor vehicle crash, Plaintiff Dawn Kennedy has suffered damages of

a personal and pecuniary nature, including but not limited to loss of consortium, loss of society, loss of services, and loss of support, which are ongoing and permanent.

61. As a direct and proximate result of Defendant's breach of the insurance contract, Plaintiff Dawn Kennedy has been deprived of insurance benefits due and owing under the policy for her derivative claim, in an amount up to the applicable Underinsured Motorist limits, together with such additional relief as allowed by law.

62. WHEREFORE, Plaintiff Dawn Kennedy respectfully requests that this Court enter judgment in her favor and against Defendant, and award:

    a. Compensatory damages that will fairly and adequately compensate Plaintiff in an amount up to and including the applicable policy limits;

    b. Reasonable attorney's fees as permitted under 215 ILCS 5/155;

    c. Costs of this action as permitted under 215 ILCS 5/155;

    d. Statutory penalties as permitted under 215 ILCS 5/155;

    a. Pre- and post-judgment interest; and

    e. Such other and further relief as this Court deems just and proper.

## COUNT III
## VEXATIOUS AND UNREASONABLE DELAY – 215 ILCS 5/155
### *Plaintiff Kyle Kennedy v. Federated Mutual Insurance*

63. Plaintiff Kyle Kennedy repeats and realleges the claims in foregoing paragraphs as if fully incorporated herein.

64. At all relevant times, Defendant owed Plaintiff a duty to act reasonably and in good faith in the investigation, evaluation, and payment of his Underinsured Motorist claim.

65. Defendant was provided with documentation establishing:

    a. Clear liability of the underinsured motorist;

b. Exhaustion of the tortfeasor's bodily injury limits;

c. Plaintiff's compliance with all policy conditions;

d. Records documenting traumatic brain injury, a shoulder injury requiring surgery, spine injuries, and permanent pain and physical limitations;

e. Medical billing exceeding $62,258.00 to date; and

f. Competent evidence of future medical expenses far exceeding the $500,000.00 policy limit.

66. Notwithstanding the foregoing, Defendant refused to tender the Underinsured Motorist policy limits.

67. Defendant's refusal to tender the policy was unreasonable and vexatious within the meaning of 215 ILCS 5/155.

68. As a direct and proximate result of Defendant's unreasonable and vexatious conduct, Plaintiff has been required to litigate this matter in order to recover benefits owed under the policy, thereby incurring attorney's fees and costs.

69. WHEREFORE, Plaintiff Kyle Kennedy respectfully requests that this Court enter judgment in his favor and against Defendant, and award:

a. Reasonable attorney's fees as permitted under 215 ILCS 5/155;

b. Costs of this action as permitted under 215 ILCS 5/155;

c. Statutory penalties as permitted under 215 ILCS 5/155;

a. Pre- and post-judgment interest; and

d. Such other and further relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in Plaintiffs' favor and against Defendant, and award the following relief:

a. Compensatory damages that will fairly and adequately compensate Plaintiffs in an amount up to and including the applicable policy limits;

b. Reasonable attorney's fees as permitted under 215 ILCS 5/155;

c. Costs of this action as permitted under 215 ILCS 5/155;

d. Statutory penalties as permitted under 215 ILCS 5/155;

e. Pre- and post-judgment interest; and

f. Such other and further relief as this Court deems just and proper.

## PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Dated: March 20, 2026

Respectfully submitted,

*/s/Nicholas P. Kelly*

Nicholas P. Kelly
ARDC No. 6327138
Kathleen B. McGivney
ARDC No. 6346005
Wallace Miller
200 West Madison, Suite 3400
Chicago, IL 60606
Tel: 312-261-6193
Fax: 312-275-8174
Email: npk@wallacemiller.com
kbm@wallacemiller.com

*Attorneys for Plaintiffs*

11